## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **1:18-cv-03095-WMR** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE KROGER CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) (the "ADA"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The Commission's Complaint and Amended Complaint alleged that Defendant The Kroger Co. ("Defendant") discriminated against Charging Party Michael Haugabrook ("Mr. Haugabrook") by failing to provide him with a reasonable accommodation and terminating his employment based on his disability.

The Commission and Defendant, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly

before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint and Amended Complaint without the burden, expense, and delay of further litigation. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes a good faith settlement of disputed claims.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subjected matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 21 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1.     Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA, including but not limited to, denying disabled applicants and employees reasonable accommodations that can be provided without posing an undue burden on the company and terminating an individual's employment due to an actual or perceived disability.

2.     Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3.     Defendant shall pay Mr. Haugabrook the sum of Forty Thousand ($40,000) in settlement of the claims raised in this action, applicable withholdings shall be made pursuant to federal and state tax laws. Payment shall be made within ten (10) business days after the Court approves this Consent Decree, and Defendant shall mail the check(s) to Mr. Haugabrook at an address provided by the Commission. Within ten (10) business days after the check(s) have been sent, Defendant shall send to the Commission, a copy of the check(s) and proof of their delivery. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Mr. Haugabrook may or may not incur on such payments under local, state, and/or federal laws. It is acknowledged that the amounts agreed to herein constitute a debt owed and collectible by the United States.

4.     Within fifteen (15) business days of the entry of this Consent Decree, Defendant shall change all references in its paper and electronic personnel records for Mr. Haugabrook from "terminated" to "voluntarily resigned." Defendant shall

report compliance with this provision to the Commission within ten (10) days of completion. Mr. Haugabrook may direct all inquiries for employment verification or a neutral reference (dates of employment and position held only) to Defendant's designated third-party administrator The Work Number.

5.      Defendant agrees to provide applicants and employees at its Jonesboro, Georgia store, access to tools and resources to accommodate their vision impairment or vision disability, including but not limited to the following: providing magnification for its computer-based and written onboarding and training programs. These resources will be accessible to applicants and employees. Defendant agrees to make a good faith effort to accommodate any reasonable request for such accommodations on a case-by-case basis in accordance with federal law.

6.      Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall distribute a formal, written anti-discrimination policy to all employees at its Jonesboro, Georgia store, which should include the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against disability discrimination; Defendant's efforts to provide reasonable accommodations for individuals covered under the ADA, including interactive communications and individualized assessments to determine what accommodations would be reasonable and effective given the

circumstances of each disabled individual; designation of specific individuals or positions to which requests for accommodations should be directed by applicants or employees; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination and retaliation. Defendant shall distribute to each current employee of copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees at its Jonesboro, Georgia store, and review it with them at the time of hire. If an employee is unavailable during the time the policy is distributed, Defendant will redistribute the policy to the employee immediately upon his or her return. Each employee must sign a form acknowledging receipt of the policy.

7.      Within ninety (90) days of the entry of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6 above at its Jonesboro, Georgia store, in a place where it is visible to all employees. The policy shall be posted and maintained for the duration of the Consent Decree. If the policy becomes defaced on unreadable, Defendant shall replace it by posting another copy. Within seven (7) days of the posting of this policy, Defendant will report compliance  with

this provision to the Commission.

8.     Within ninety (90) days of the entry of this Consent Decree, Defendant shall provide a one (1) hour training program to all available employees at the Jonesboro, Georgia store, including managers and supervisors. The training program will be videotaped, and Kroger will provide alternate arrangements for employees who are unable to attend the live training. Each employee must sign a form acknowledging that he or she attended the training. A second training program shall be conducted one year after the first session for managers and supervisors of the Jonesboro location. The trainings shall be led by an ADA compliance specialist previously agreed to by the parties. Each training shall promote Defendant's compliance with federal anti-discrimination laws, with an emphasis on Defendant's obligations under the ADA not to discriminate against qualified individuals based on their disabilities; Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities, through an interactive process, which permits the individuals to perform the essential functions of the position held or desired and/or to enjoy equal benefits and privileges of employment; and include an explanation of the ADA's prohibition against retaliation in the workplace. Each training shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the

policy.

At least fifteen (15) days prior to each training, Defendant shall submit to the Commission an agenda for the training by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within seven (7) business days after completion of each training, Defendant shall certify to the Commission the specific training which was undertaken. This certification shall include the dates, times, and locations of the training, and the identities of all trainers and attendees.

9.      Within seven (7) business days after the entry of this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to all employees at its Jonesboro, Georgia store. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within seven (7) business days of the posting of this Notice, Defendant will report compliance with this provision to the Commission.

10.     During the term of this Consent Decree, Defendant shall provide the Commission with semi-annual reports, with the first being due six (6) months after

7

entry of this Consent Decree. The reports will include the following information to the extent known by Defendant:

(a) the identities of all employees in the Jonesboro store who requested an accommodation for a physical or mental impairment as defined by the ADA, the accommodation request, the date of the request, whether the request was granted or denied, and the date of the decision; and

(b) for each employee identified in 10(a) above, whose accommodation request was denied, a detailed statement explaining the reason(s) for the denial, including the name and job title of the decisionmaker.

11.   In the event, there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's store, interview employees, and examine and copy documents. Any such inspection will be scheduled by contacting Darryl Huff at darryl.huff@kroger.com to identify a mutually agreeable time and date in good faith and within fourteen (14) business days of the request. Defendant shall only be obligated to provide for inspection, management interviews, and documents relevant to compliance with this Consent Decree. Nothing in this Consent Decree alters Defendant's right to have legal counsel present for any such inspection, interviews, or document production.

8

12.     If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant.  Defendant shall have fourteen (14) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional time as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.     The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Darryl Huff at darryl.huff@kroger.com. If Defendant's designated point of contact changes at any time during the term of this Consent Decree, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

15.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette

9

Sewell, Regional Attorney, Equal Employment Opportunity Commission, Atlanta

District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

16.    Each party shall bear its own costs and attorneys' fees.

17.    Upon entry of this Consent Decree, the instant action (Civil Action No. 1:18-cv-03095) shall be administratively closed, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

18.    If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

19.    The terms of the Consent Decree are and shall be binding upon (a) Defendant (b) all present and future parents of Defendant; (c) all present and future subsidiaries and/or affiliates in which Defendant holds or will hold a controlling interest, if any; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, or representatives acting on behalf of Defendant, if any; or assigns of Defendant, if any.

20.    This Consent Decree constitutes the entire agreement and commitments between the Commission and Defendant.  Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

21.     This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed and entered this 3rd day of July, 2019.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

The parties jointly request that the Court approve and enter the Consent Decree:

**Equal Employment Opportunity Commission, Plaintiff**

**The Kroger Co., Defendant**

JAMES L. LEE
Acting General Counsel

*s/ David L. Barron*
DAVID L. BARRON

GWENDOLYN YOUNG REAMS
Associate General Counsel

JENNIFER A. KENNEDY-COGGINS
Georgia Bar No. 141577

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT-ZIMBABWE
Supervisory Trial Attorney

*s/ Pamela E. Palmer*
PAMELA E. PALMER
Trial Attorney
Georgia Bar No. 882599

11

EEOC-ATLANTA DISTRICT
OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6973
Facsimile: (404) 562-6905
Email: pamela.palmer@eeoc.gov

COZEN O'CONNOR, P.C.
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (713) 750-3132
Facsimile: (832) 214-3905
dbarron@cozen.com

COZEN O'CONNOR, P.C.
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-2066
jkennedy-coggins@cozen.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **1:18-cv-03095-MHC-AJB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE KROGER CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**NOTICE**

1.      This notice to all Jonesboro, Georgia employees of The Kroger Co., (hereinafter the "Company") is being posted as part of the agreement between the Company and the Equal Employment Opportunity Commission ("EEOC"), in a consent decree filed in the United States District Court, Atlanta, Georgia  (Case No. 1:18-cv-03095-MHC-AJB). Specifically, the EEOC alleged that The Company denied an employee a reasonable accommodation and discharged his employment based on his disability in violation of the Americans with Disabilities Act of 1990, as amended (the "ADA"). As part of the Consent Decree, The Company agreed to take certain actions as set out in the Consent Decree resolving this matter, but has denied wrongdoing.

2.      Federal law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's disability with respect to hiring, firing, compensation or other terms, conditions, or privileges of employment. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they

13

gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under laws enforced by the EEOC.

3.      The Company will comply with such federal law in all respects. Furthermore, the Company will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact his or her local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest office, go to: **https://www.eeoc.gov/field/** or contact:

EEOC Headquarters
U.S. Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507
**202-663-4900 / (TTY) 202-663-4494**

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL**:_____, 20_.